[No. B231361. Second Dist., Div. Six. Dec. 26, 2012.]

Estate of OLIGARIO LIRA, Deceased.
MARY RATCLIFF, Petitioner and Appellant, v.
ROBERT TERRONES, Objector and Respondent.

## COUNSEL

Tardiff Law Offices and Neil S. Tardiff for Petitioner and Appellant.

Law office of Herb Fox, Herb Fox; Brooks and Ames and Sharon L. Martinez for Objector and Respondent.

## OPINION

**PERREN, J.**—The will and trust of Oligario Lira named his three natural children and three of his six stepchildren as beneficiaries.[1] Oligario executed his will and trust while he was married to Mary Terrones, the mother of his

---

[1] Where it facilitates clarity, we refer to the parties by their first names, and intend no disrespect.

stepchildren, but after she had commenced dissolution proceedings. The judgment dissolving their marriage was entered four months before Oligario's death.

Oligario's natural daughter, appellant Mary Ratcliff challenged his will and trust. She contended that Oligario's donative transfers to his stepson beneficiaries were disqualified under Probate Code section 21350, subdivision (a)(2),[2] because they were related to the lawyer who drafted the will and trust (Oligario's stepgrandson).[3] In opposition, respondent Robert Terrones, successor trustee of the trust (Robert), claimed that the disqualification did not apply because Oligario (the transferor) was related by marriage to his stepson beneficiaries. (§ 21351, subd. (a).) The trial court concluded that the transfers were valid because section 21351, subdivision (a) exempted them from disqualification. Mary Ratcliff contends that the section 21351, subdivision (a) exemption did not apply because the transfers did not occur until after Oligario's death, and after the end of his relationship with his stepsons.

We hold that the section 21351, subdivision (a) exemption from disqualification applies where the transferor and transferee are related at the time that the transferor executes the donative instruments. Section 21351, subdivision (a) does not require that the transferor and transferee be related upon the death of the transferor. In this case, Oligario was related to his stepson beneficiaries upon his execution of the donative instruments. Accordingly, we conclude that his transfers to them were valid and affirm the findings and orders of the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1968, Oligario married Mary Terrones. Oligario had three children from a prior marriage, including Mary Ratcliff. Mary Terrones had six children from a prior marriage, including Robert.

On February 21, 2008, Mary Terrones filed a petition for dissolution of her marriage to Oligario. (*Marriage of Lira* (Super. Ct. Santa Barbara County, 2010, No. 1251281).) The court entered a judgment of dissolution (status only) in that proceeding on February 3, 2010.

On January 6, 2009, before the dissolution of his marriage to Mary Terrones, Oligario executed his will and trust. Oligario's will erroneously

---

[2] All statutory references are to the Probate Code.

[3] Oligario's stepgrandson, Attorney Glenn Terrones (Glenn), drafted his will and trust. Glenn was related to three beneficiaries, Oligario's stepsons Robert C. Terrones, John C. Terrones and Narcizo C. Terrones.

stated, "I am presently unmarried." His trust contained a similar error. Oligario designated his three natural children (Mary Lira Ratcliff, Victor Lira, and Frank Lira) and three of his stepchildren (Robert, John and Narcizo) as the primary beneficiaries of his will and trust. Oligario named Robert to be his successor as trustee of the trust, and personal representative of his estate.

Oligario did not remarry following the February 3, 2010, dissolution of his marriage to Mary Terrones. He died on July 20, 2010.

## Trial Court Proceedings

On August 6, 2010, Mary Ratcliff filed a petition for probate of Oligario's estate. Her petition stated that Oligario had died intestate, estimated the value of his estate to be $400,000, and asked the probate court to appoint her as administrator of his estate and issue letters of administration. On October 1, 2010, Robert filed a petition, with a copy of the will, and asked the court to appoint him as executor of Oligario's estate and issue letters testamentary, with authorization to administer under the Independent Administration of Estates Act (§ 10400 et seq.). He also objected to Mary Ratcliff's petition, among other reasons, because Oligario did not die intestate.

Thereafter, Mary Ratcliff filed additional pleadings, including a section 17200 petition. She argued that section 21350, subdivision (a)(2) barred gifts or transfers from Oligario's estate to his stepsons because they were related to the drafter of the will and trust.[4] Robert countered that section 21351, subdivision (a) exempted Oligario's transfers to his stepsons from the section 21350 transfer disqualification because Oligario was related to them by marriage when he made the transfers.[5] Mary Ratcliff replied that section 21351, subdivision (a) did not exempt Oligario's transfers to his stepsons because the transfers would only occur *after* Oligario's death, when he was not married to their mother, or related by marriage to them.

On January 4, 2011, the trial court found that Oligario and his stepsons were related by marriage when he executed his will and trust, and concluded that the section 21351, subdivision (a) exemption applied to Oligario's transfers to them. It denied Mary Ratcliff's petitions, granted Robert's petition, and admitted the will to probate.

---

[4] Section 21350 provides in pertinent part as follows: "(a) Except as provided in Section 21351, no provision, or provisions, of any instrument shall be valid to make any donative transfer to . . . [¶] . . . [¶] (2) A person who is related by blood or marriage to . . . the person who drafted the instrument."

[5] Section 21351, subdivision (a) provides that "[s]ection 21350 does not apply if . . . [¶] (a) [t]he transferor is related by blood or marriage to . . . the transferee or the person who drafted the instrument."

### DISCUSSION

*The Trial Court Correctly Determined That the Section 21351, Subdivision (a) Exemption Applies in This Case*[6]

Mary Ratcliff contends that section 21350, subdivision (a)(2) bars Oligario's transfers to his stepsons because they are related to the drafter of his will and trust. We disagree.

■ We apply the de novo standard of review to a trial court's interpretation of a statute. (*Kavanaugh v. West Sonoma County Union High School Dist.* (2003) 29 Cal.4th 911, 916 [129 Cal.Rptr.2d 811, 62 P.3d 54].) "In construing a statute, our fundamental task is to ascertain the Legislature's intent so as to effectuate the purpose of the statute. [Citation.] We begin with the language of the statute, giving the words their usual and ordinary meaning. [Citation.] The language must be construed 'in the context of the statute as a whole and the overall statutory scheme, and we give "significance to every word, phrase, sentence, and part of an act in pursuance of the legislative purpose." ' [Citation.] In other words, ' "we do not construe statutes in isolation, but rather read every statute 'with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness.' [Citation.]" ' " (*Smith v. Superior Court* (2006) 39 Cal.4th 77, 83 [45 Cal.Rptr.3d 394, 137 P.3d 218].)

■ The Legislature has established certain limitations on donative transfers by testamentary instrument, pursuant to a statutory scheme entitled Limitations on Transfers to Drafters and Others. (Prob. Code, div. 11, pt. 3.5, § 21350 et seq. (hereafter, Part 3.5).) "[T]he restrictions on donative transfers currently codified in sections 21350 and 21351 supplement the common law on menace, duress, fraud and undue influence. 'A gift that does not fall within the scope of the statutory presumption can still be challenged under the common law.' [Citation.]" (*Estate of Pryor* (2009) 177 Cal.App.4th 1466, 1476 [99 Cal.Rptr.3d 895].)[7]

---

[6] Mary Ratcliff also contends that Oligario's transfers to his stepsons were revoked by operation of law pursuant to section 6122, upon the dissolution of his marriage to Mary Terrones. We decline to address this issue, which was not raised or developed in the trial court. (See *City of Scotts Valley v. County of Santa Cruz* (2011) 201 Cal.App.4th 1, 24 [133 Cal.Rptr.3d 235].)

[7] In 2010, the Legislature repealed Part 3.5, effective January 1, 2014, and replaced it with section 21380 et seq. (Prob. Code, div. 11, pt. 3.7) for instruments that became irrevocable on or after January 1, 2011. (See § 21355.) Sections 21380 and 21382, subdivision (a) generally restate the substance of sections 21350 and 21351, subdivision (a), respectively. (Cal. Law Revision Com. com., 54A pt. 2 West's Ann. Prob. Code (2011 ed.) foll. §§ 21380, 21382, pp. 255, 257.)

■ Section 21350, subdivision (a)(2) presumptively disqualifies donative transfers to the drafters of wills and their relatives. Section 21351, subdivision (a) provides that where "[t]he transferor is related by blood or marriage to . . . the transferee or the person who drafted the instrument," the section 21350 disqualification does not apply.

Mary Ratcliff relies on the section 21350, subdivision (a) presumptive disqualification which provides, in relevant part, as follows: "Except as provided in Section 21351, no provision, or provisions, of any instrument shall be valid to make any donative transfer to any of the following: [¶] (1) The person who drafted the instrument. [¶] (2) A person who is related by blood or marriage to . . . the person who drafted the instrument." Thus, she argues that because the stepson beneficiaries are related to the person who drafted Oligario's will and trust (his stepgrandson, Glenn), the transfers to them are not valid.

However, section 21351, subdivision (a), provides an exemption to section 21350, subdivision (a), as follows: "Section 21350 does not apply if . . . [¶] (a) [t]he transferor is related by blood or marriage to . . . the transferee or the person who drafted the instrument." In this case, the trial court concluded that section 21351, subdivision (a) exempted Oligario's transfers to his stepsons because he was related to them by marriage when he executed his will and trust.

Mary Ratcliff further argues that the trial court erred in finding that the section 21351, subdivision (a) exemption applied to the challenged transfers because Oligario was not related by marriage to his stepsons at the time of his death. She recognizes that section 21351, subdivision (a) does not state that the parties must be related at the time of the transferor's death. Nonetheless, Mary Ratcliff argues that the statute is ambiguous, and must be interpreted to require that the relationship exist at the time of death, where, as here, the challenged transfers could not occur before the transferor's death. We disagree.

■ "In resolving the issue before us, we look first to the statutes' words, as these ' "generally provide the most reliable indicator of legislative intent." ' [Citation.]" (*Bernard v. Foley* (2006) 39 Cal.4th 794, 804 [47 Cal.Rptr.3d 248, 139 P.3d 1196].) In construing section 21351, subdivision (a), we must consider the general definitions sections of the code. (See §§ 21–88 [defining various terms of art in the Prob. Code]; see also § 20 ["Unless the provision or context otherwise requires, the definitions in this part govern the construction of this code."].) The code defines three key terms of section 21351: instrument, transferor and transferee. Those definitions are instructive. "Instrument" is broadly defined in section 45 as "a will, trust,

deed, or other writing that designates a beneficiary or makes a donative transfer of property." Section 81 defines "transferor" as "the testator, settlor, grantor, owner, or other person who executes an instrument." Section 81.5 states that "transferee" means "the beneficiary, donee, or other recipient of an interest transferred by an instrument."

Construing section 21351, subdivision (a), as we must, in the context of the code definitions of its terms, we conclude that the transfer contemplated by that section occurs when the transferor executes the instrument that transfers an interest to the transferee. Therefore, the section 21351, subdivision (a) exemption applies if the transferor and transferee were related when the transferor executed the instrument to transfer the interest to the transferee. (§§ 45, 81, 81.5.) In this case, when Oligario executed his trust and will, he transferred interests in his estate to his stepsons. Although those interests were contingent upon his dying without modifying his trust, they were, nonetheless "interest[s] transferred by an instrument." (§ 81.5.)

We also construe statutes " ' " 'with reference to the entire scheme of law of which [they are] part so that the whole may be harmonized and retain effectiveness.' [Citation.]" ' " (*Smith v. Superior Court, supra*, 39 Cal.4th at p. 83.) Sections 21350 and 21351 are part of the statutory scheme adopted by the Legislature in 1993, as Part 3.5, "in response to reports that an Orange County attorney who represented a large number of Leisure World residents had drafted numerous wills and trusts under which he was a major or exclusive beneficiary, and had abused his position as trustee or conservator in many cases to benefit himself or his law partners. (Assem. Com. on Judiciary, Analysis of Assem. Bill No. 21 (1993–1994 Reg. Sess.) as amended Feb. 4, 1993, p. 1.)" (*Rice v. Clark* (2002) 28 Cal.4th 89, 97 [120 Cal.Rptr.2d 522, 47 P.3d 300].) Statutes "should be given a construction consistent with the legislative purpose . . . ." (*Silberman v. Swoap* (1975) 50 Cal.App.3d 568, 571 [123 Cal.Rptr. 456].)

Part 3.5 addresses a type of abuse associated with the drafting and execution of testamentary instruments. "Sections 21350 and 21351 require a delicate balancing of interests" (*Estate of Pryor, supra*, 177 Cal.App.4th at p. 1475) between preventing such abuse and honoring the transferor's donative intent. Given its legislative history and intent, for purposes of section 21351, subdivision (a), the relevant inquiry is the nature of the parties' relationship at the time the transferor executes the instrument which transfers an interest to the beneficiary. This construction is consistent with our state's policy of preventing uncertainty and protecting the intention of the transferor. (See, e.g., *Munn v. Briggs* (2010) 185 Cal.App.4th 578, 589–590 [110 Cal.Rptr.3d 783]; *id.* at p. 590 [permitting " 'dual litigation tracks for disgruntled heirs . . . would risk destabilizing the law of probate and creating

uncertainty' "]; *Sefton v. Sefton* (2012) 206 Cal.App.4th 875, 885 [142 Cal.Rptr.3d 174] [will should be construed to give effect to the intention of the testator, to the extent possible].)

■  Because Oligario and his stepsons were related by marriage when Oligario executed his will and trust, the trial court correctly concluded that the section 21351, subdivision (a) exemption applied to his transfers to them. It therefore properly denied Mary Ratcliff's petition and admitted the 2009 will to probate.

We have considered Mary Ratcliff's remaining contentions and find them to be without merit.

## DISPOSITION

The judgment is affirmed. Costs on appeal to respondent.

Gilbert, P. J., and Yegan, J., concurred.